**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**ALPHONZO LAMONT SMITH,**
**#1677731,**

**Petitioner,**

**v.** **CIVIL ACTION NO. 2:26-cv-68**

**JOSEPH WALTERS[1], Director**
**of Virginia Dept. of Corrections,**

**Respondent.**

## REPORT AND RECOMMENDATION

Having exhausted all state remedies, pro se Petitioner Alphonzo Lamont Smith ("Smith" or "Petitioner") filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, (ECF No. 1), challenging his 2022 convictions for first-degree murder, the use of a firearm in the commission of a felony, and robbery in the Norfolk Circuit Court. Specifically, Petitioner alleges that these convictions were improper because he was denied the right to effective assistance of counsel in violation of the Sixth and Fourteenth Amendments. Pet. Attach. 1 ("Pet'r's Mem.") (ECF No. 1-2, at 1). Respondent Joseph Walters ("Respondent") moves to dismiss the Petition, (ECF No. 16), arguing that Smith's claim does not meet the standard set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and therefore is without merit. The matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C)

---

[1] Joseph Walters was appointed Director of the Virginia Department of Corrections on January 17, 2026. Accordingly, the petition was deemed to be amended to substitute as the sole respondent in this proceeding Joseph Walters, Director of the Virginia Department of Corrections. See Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts (foll. 28 U.S.C. § 2254).

and Rule 72(b) of the Federal Rules of Civil Procedure. Because the state court's merits determination was neither contrary to, nor based on unreasonable application of federal law or factual finding, I RECOMMEND that the court GRANT Respondent's Motion, (ECF No. 16), and DISMISS Smith's Petition, (ECF No. 1).

## I. FACTUAL AND PROCEDURAL HISTORY

Petitioner's arguments in this court do not require a complete review of the history of his case. However, the factual and procedural background, as relevant to the instant Petition and Smith's ineffective assistance of counsel claim, is outlined below.

### A. State Court Proceedings

On June 8, 2021, at a jury trial in the Circuit Court for the City of Norfolk, Smith was found guilty of two counts of first-degree murder, two counts of use of a firearm in the commission of a felony, and one count of robbery. Felony Trial Order, Commonwealth v. Smith, Nos. CR19002530-02-04, at 260 (Va. Cir. Ct. June 8, 2021) (R. 603-04).[2] Smith was sentenced on August 12, 2022, to 158 years in prison, with 100 years of his sentence suspended. Sentencing Orders, Commonwealth v. Smith, Nos. CR19002530-02-04, at 491-93, 505-07 (Va. Cir. Ct. Aug. 12, 2022) (R. 834-36, 848-50). Before sentencing, Defendant moved for a new trial, in part arguing he had received ineffective assistance of counsel, and a hearing was held on his Motion on April 19, 2022. See Mot. for New Trial Hr'g Tr., Commonwealth v. Smith, Nos. CR19002530-02-04, CR2000020-00-01, at 1653-747 (Va. Cir. Ct. Apr. 19, 2022) (R. 1998-2103). In a letter opinion, the trial court denied Smith's motion for a new trial and declined to consider his ineffective

---

[2] Relevant records from state court proceedings were part of the records associated with Smith's state habeas petition file, provided by the Supreme Court of Virginia. See Smith v. Dotson, No. 250121, at 339-2441. As such, citations to state court proceedings will also include citations to the state habeas petition file as a record cite.

assistance of counsel claims, after relying on Hill v. Commonwealth, 8 Va. App. 60 (1989), to hold that such claims are "cognizable only in habeas corpus proceedings." Commonwealth v. Smith, Nos. CR192530-02-04, CR20200-00-01, at 455-58 (May 31, 2022) (R. 798-801). Defendant appealed the trial court's decision to the Virginia Court of Appeals—which affirmed the trial court in part as it relates to Smith's ineffective assistance of counsel claim, and reversed in part. See Smith v. Commonwealth, No. 1912-22-1, 2023 WL 6976690 (Va. Ct. App. Oct. 24, 2023) (unpublished opinion). Thereafter, the Supreme Court of Virginia refused Petitioner's appeal. Smith v. Commonwealth, No. 230857 (Va. May 8, 2024); see also Pet. (ECF No. 1, at 2).

**B. State Habeas Petition**

Following his unsuccessful appeals, Smith filed a petition for writ of habeas corpus with the Supreme Court of Virginia. State Habeas Pet., Smith v. Dotson, No. 250121, 1-15 (Va. Feb. 12, 2025). In his Petition, Smith alleges his attorney, Michael Grey,[3] provided him with ineffective assistance of counsel. Specifically, he raised the following claim:

> In violation of the Sixth and Fourteenth Amendment to the United States Constitution and Article I Section 8 of the Virginia Constitution, petitioner was denied his constitutional right to the effective assistance of trial counsel based on the following: (a) Counsel's hearing impairment that prevented his ability to effectively and timely communicate with petitioner during trial which prejudiced petitioner['s] ability to receive a fair trial.

Id. at 8.

When reviewing Petitioner's state habeas claims, the Supreme Court of Virginia summarized relevant evidence in the record and reasoned:

> [T]he record, including the trial transcript, demonstrates petitioner was represented by both Gray and Catherine Paxson. During an April 19, 2022 hearing investigating petitioner's post-trial assertion of ineffective assistance of counsel on

[3] Counsel is referred to as both "Gray" and "Grey" throughout the Record. Based on filings made by counsel at the trial stage, and for consistency, this Report and Recommendation refers to him as "Grey" or "Attorney Grey".

> the same basis as raised here, Paxson testified she believed Gray had difficulty hearing during petitioner's trial, including one instance of admitted difficulty in hearing a sidebar conversation with the court. However, Paxson testified she had no concerns that "[Gray] missed any significant points of law that were being discussed" at the sidebars, nor did she conclude Gray "could not hear what he needed to hear to try this case." Paxson acknowledged petitioner had trouble communicating with Gray during his examination of witnesses, but Gray asked petitioner to write down his questions, which he did. Paxson also acknowledged she was a fully licensed attorney present during the entirety of trial. Paxson had no difficulty communicating with petitioner. Significantly, petitioner was not represented by Gray alone, and he had the benefit of two attorneys assisting in his defense. Gray has not alleged Paxson's performance was deficient in any way. See Frye, 235 F.3d at 907 ("The presence of a second attorney during the proceedings seriously undermines appellant's claim of ineffective assistance of counsel." (citing Lopez-Nieves v. United States, 917 F.2d 645, 647 (1st Cir. 1990))). Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's hearing impairment, the result of the proceeding would have been different.

Smith v. Dotson, No. 250121 (Va. Oct. 10, 2025). Ultimately, the Supreme Court of Virginia dismissed Smith's petition on October 10, 2025. Id.

### C. Federal Habeas Petition

On January 14, 2026, Smith filed his federal habeas petition. Pet. (ECF No. 1).[4] The Petition is identical to his state petition, in which Smith raises the same claim:

> In violation of the Sixth and Fourteenth Amendment to the United States Constitution and Article I Section 8 of Virginia Constitution, petitioner was denied his constitutional right to the effective assistance of counsel based on the following: (a) Counsel's hearing impairment prevented his ability to effectively and timely communicate with petitioner during trial ... which prejudiced petitioner's ability to receive a fair trial.

Pet'r's Mem. (ECF No. 1-2, at 1). Because his claim was first presented to the Supreme Court of Virginia, Respondent concedes it is both timely and properly exhausted. On March 26, 2026, Respondent filed a Rule 5 Answer, (ECF No. 17), and a Motion to Dismiss, (ECF No. 16), arguing

---

[4] Smith's petition was originally filed in the Western District of Virginia and transferred to the Eastern District by Transfer Order entered January 16, 2026, (ECF No. 5).

that Petitioner's claim must be dismissed under the AEDPA's deferential standard of review. Resp't's Br. Supp. Rule 5 Answer & Mot. to Dismiss ("Resp't's Br.") (ECF No. 18, at 3-9). Petitioner was provided with the required notice to pro se plaintiffs under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), (ECF No. 23). Smith did not file a Response to the Government's Motion, and the time for responding has expired.

## II. STANDARD OF REVIEW

Under the AEDPA, a state prisoner may petition a federal court for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). However, a federal court may not grant habeas relief for claims previously adjudicated on the merits in state court unless that adjudication was (1) contrary to, or an unreasonable application of, clearly established federal law;[5] or (2) based on an unreasonable determination of the facts given the evidence. Id. § 2254(d).[6] In circumscribing federal courts' jurisdiction in this respect, Congress "plainly sought to ensure a level of deference to the determinations of state courts." Williams, 529 U.S. at 386 (internal quotation marks and citation omitted). Consequently, in determining whether to issue a writ in such circumstances, the question "is not whether a federal court believes the state court's determination was incorrect but

---

[5] A state court decision is "contrary to" clearly established federal law when the state court (1) applies a rule "that contradicts the governing law set forth" by controlling Supreme Court precedent, Williams v. Taylor, 529 U.S. 362, 405 (2000); or (2) is confronted with a set of facts "materially indistinguishable" from a Supreme Court decision but decides the case differently, id. at 406. A state court decision reflects an "unreasonable application of" clearly established federal law when the state court "correctly identifies the governing legal principle but applies it unreasonably to the facts of the particular prisoner's case." Id. at 407-08.

[6] In addition, state prisoners "must exhaust their state remedies before filing a habeas petition in federal court." Robinson v. Thomas, 855 F.3d 278, 283 (4th Cir. 2017). This requirement "giv[es] the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Jones v. Sussex I State Prison, 591 F.3d 707, 712 (4th Cir. 2010). In this case, Respondents concede that "Petitioner has exhausted his state remedies as to the claim raised in his petition." Resp't's Br. (ECF No. 18, at 3).

whether that determination was unreasonable—a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 473 (2007); see also Harrington v. Richter, 562 U.S. 86, 103 (2011) ("[T]he state court's ruling on the claim being presented in federal court [must be] so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.").

In assessing a state prisoner's habeas claims, the court must look to "the last reasoned decision of a state court addressing the claim." Woodfolk v. Maynard, 857 F.3d 531, 544 (4th Cir. 2017) (internal quotation marks and citation omitted). Moreover, any factual findings made by the state court are presumptively correct, and the petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003).

## III. ANALYSIS

Petitioner asserts that he received ineffective assistance of counsel in violation of the Sixth Amendment. See Strickland v. Washington, 466 U.S. 668, 686 (1984). To prevail on an ineffectiveness claim, Petitioner must satisfy both the "performance" and the "prejudice" prongs of the two-part test under Strickland, 466 U.S. at 687. To satisfy the "performance" prong, the petitioner must demonstrate that his "counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. In evaluating this prong, a court must keep in mind that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To satisfy the "prejudice" prong, a petitioner must prove that "there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

In addition to the presumption of reasonableness given to counsel's decisions, because a state court has previously adjudicated Petitioner's claim on the merits, review in this court is "doubly deferential." Burt v. Titlow, 571 U.S. 12, 15 (2013) (quoting Cullen v. Pinholster, 563 U.S. 170, 190 (2011)); see, e.g., Burr v. Lassiter, 513 F. App'x 327, 340 (4th Cir. 2013) ("[W]here the issue is whether the state court has unreasonably applied Strickland standards to an ineffective assistance of counsel claim, 'double deference' is required – deference to the state court judgment granting deference to trial counsel's performance.").

The Virginia Supreme Court held Smith's ineffective assistance of counsel claim failed to satisfy either the performance or prejudice prongs of the Stickland test, 466 U.S. at 687, and explained its decision in a detailed written opinion:

> To prevail on a claim of ineffective assistance of counsel, petitioner must show "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. To demonstrate that counsel was not functioning as counsel, petitioner bears the burden of showing specific instances of deficient performance attributable to the impairment. See Frye v. Lee, 235 F.3d 897, 907 (4th Cir. 2000) (determining an attorney's admitted alcohol addiction did not afford petitioner habeas relief where petitioner failed to demonstrate specific instances of deficient performance attributed to his alcoholism).
>
> Here, petitioner alleges general instances when Gray's hearing impairment may have affected his representation but fails to allege any specific instance in which Gray's hearing impairment resulted in conduct so egregious that it deprived petitioner of effective assistance of counsel. Petitioner fails to point to specific parts of the record demonstrating Gray missed opportunities to participate meaningfully in jury selection, cross-examination of witnesses, or communicate with petitioner during trial. Further, petitioner fails to specify which sidebar conversations Gray did not hear or allege a prejudicial effect of Gray's failure to hear on the outcome of trial. Petitioner also fails to specify or proffer impeaching or contradictory evidence that Gray failed to elicit during cross-examination due to his hearing impairment. Further, merely alleging difficulty conducting contemporaneous communication during testimony is insufficient to demonstrate counsel's performance was deficient. See Spencer v. Commonwealth, 238 Va. 295, 303 (1989) (holding a defendant has no right "to act as co-counsel" because such hybrid representation could promote conflict over who controls tactical trial decisions, "frustrating the orderly conduct of trial").

Smith v. Dotson, No. 250121 (Va. Oct. 10, 2025).

Based on the record in this case, the state court could reasonably conclude that Smith failed to establish ineffective assistance of counsel with respect to Grey's hearing impairment. Defendant was represented by another attorney in addition to Grey, who testified that while the judge and other attorneys often had to repeat what they were saying during sidebar conversations because Grey could not hear them, she did not have any concerns that Grey had missed any significant points of law that were discussed. Id. Further, as with his state filing, Smith's federal petition fails to identify any specific missed communication that prejudiced his defense. He has not identified any specific defect in the witness examinations, or any missed opportunity to impeach or challenge witness testimony. While generally pointing to communication difficulties, he has not identified a single specific instance where Grey's hearing negatively affected his defense. In fact, Smith has not pointed this court to any determination by the state court that was unreasonable or contrary to federal law, and has not replied to the Government's motion to dismiss. Id. Based on the facts set out in the record and the state court's opinion, the Virginia Supreme Court's finding that Smith's claim does not meet the standard set in Strickland is reasonable. Trial counsel's performance did not fall below the objective standard of reasonableness and Smith identified no error that suggests the results of his proceeding would have been different. I therefore find that the state court's holding was neither contrary to federal law, nor based on an unreasonable determination of facts.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Respondent's Motion to Dismiss, (ECF No. 16), be GRANTED and that Smith's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, (ECF No. 1), be DENIED and the case DISMISSED with prejudice.

## V. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Newport News, Virginia
August 7, 2026

**Clerk's Mailing Certificate**

A copy of the foregoing Report was mailed this date to:

**Alphonzo Lamont Smith**
#1677731
VDOC Centralized Mail Dist. Cntr.
3521 Woods Way
State Farm, Virginia 23160

and an electronic copy was provided to:

**Craig Winston Stallard**
Senior Assistant Attorney General
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219

Laura G. Griffin, Clerk

By /s/ J. L. Meyers
Deputy Clerk

August 7, 2026